IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

PARKWOOD OFFICE PLAZA, INC., a Florida corporation,

        Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY, a corporation authorized and doing business in Florida,

        Defendant.     /
_____

## DEFENDANT, ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that the Defendant, ALLSTATE INSURANCE COMPANY (hereinafter "Defendant" or "ALLSTATE"), a foreign corporation, by and through its undersigned counsel and pursuant to 28 U.S.C. §1446, hereby files this Notice of Removal, in order to Remove the above-captioned civil action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, to the United District Court for the Southern District of Florida. The above-captioned civil State Court action is entitled *Parkwood Office Plaza, Inc., v. Allstate Insurance Company*, Case No.: 10 40444CA 24 (hereinafter "State Court Action"). The grounds for Removal are the following:

    1.    Allstate is the Defendant in a civil action brought by Plaintiff, PARKWOOD OFFICE PLAZA, INC. (hereinafter "Plaintiff" or "Parkwood"), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, which is located within the Miami Division of the United States District Court for the Southern District of Florida. The action is a suit between

citizens of different states in which the amount in controversy exceeds $75,000.00. Allstate is entitled to remove this action because this Honorable Court has original jurisdiction based on diversity of citizenship as provided by 28 U.S.C. § 1332.

2. The Complaint was filed in State Court on or about July 26, 2010, and alleges breach of contract based upon Allstate's alleged failure to pay Plaintiff for commercial property damages. Allstate was served with process and a copy of the Complaint on August 5, 2010, the date upon which the Chief Financial Officer of the State of Florida forwarded a copy of the Complaint to Allstate's designated agent and was received by Allstate's designated agent for service of process on August 6, 2010. This Notice of Removal is timely filed within 30 days of Allstate's receipt of the initial pleading and/or receipt of other papers from which it can first be ascertained that the case is one which is removable. Complete copies of all process, pleadings, and any orders served upon Allstate in the State Court Action are collectively attached to this Notice of Removal, pursuant to 28 U.S.C. § 1446(a), as Exhibit "**1**."

3. At all material times hereto, including the time of the filing and service of the Complaint in the State Court Action, and the time of filing and service of this Notice, Plaintiff was and is a Florida non-profit corporation with its principal place of business located in Miami-Dade County, Florida.

4. At all material times hereto, Allstate was and is a foreign corporation doing business in the State of Florida and is incorporated in the State of Delaware with its principal place of business in the State of Illinois.

5. Although the Complaint alleges that Plaintiff seeks to recover damages from Allstate in an unspecified amount exceeding $15,000.00, and therefore not a case which is removable from

the jurisdictional face of the pleading, the documents from the Plaintiff and the allegations in the Complaint demonstrate that Plaintiff is seeking an amount in controversy exceeding $75,000.00, exclusive of interest, costs, and attorney fees.

6. The Complaint alleges that Plaintiff is the insured under a certain policy of insurance and that Allstate issued said policy of insurance.

7. The Complaint further alleges that while said certain policy of insurance was in effect, Plaintiff sustained damages to structure and property as a result of wind or rain, *i.e.* a hurricane on or about August 25, 2005 and on or about October 24, 2005.

8. The Complaint alleges that Plaintiff notified Allstate of the loss and damages but that "Allstate breached the insurance contract by failing to fully compensate Plaintiff for all losses as a result of a hurricane, a covered peril under the insurance contract"

9. The Complaint further alleges that a report itemizing many of the damages has been provided to Allstate Insurance Company.

10. In support of Plaintiff's claim against Allstate for the foregoing, Plaintiff's counsel issued correspondence dated July 9, 2010, to Allstate attaching a "Wind Damage Inspection Report" dated June 26, 2010, and an estimate for roof replacement from All Construction Systems, Inc. dated July 1, 2010. A copy of this correspondence and its attachments are collectively attached hereto as Exhibit "**2**."

11. The estimate for roof replacement from All Construction Systems, Inc. dated July 1, 2010, is for the amount of $249,948.95.

12. Plaintiff's Complaint, *inter alia*, seeks damages against Allstate and attorneys' fees and costs "pursuant to F.S.A. § 627.428."

3

13. The foregoing demonstrates that the amount in controversy clearly exceeds the sum of $75,000.00, exclusive of interests, costs, and attorneys' fees.

14. A copy of this Notice of Removal is being filed contemporaneously with the Clerk of the Court for the Eleventh Judicial Circuit in and for Miami Dade County, Florida.

**WHEREFORE**, Defendant, ALLSTATE INSURANCE COMPANY, respectfully requests that the civil action filed by Plaintiff, PARKWOOD OFFICE PLAZA, INC. vs. ALLSTATE INSURANCE COMPANY, in the Circuit Court for the Eleventh Judicial Circuit, in and for Miami Dade County, Florida, be removed to this Court as provided by 28 U.S.C. §1441, *et. seq.*, and that this Honorable Court accept jurisdiction of this action.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 3rd day of September, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

BY: s/Karen J. Jerome Smith
Stephanie H. Luongo, Esquire
Florida Bar No.: 555703
sluongo@powersmcnalis.com
Karen J. Jerome Smith, Esquire
Florida Bar No.: 10122
kjeromesmith@powersmcnalis.com
**POWERS, MCNALIS, TORRES & TEEBAGY**
P.O. Box 21289
West Palm Beach, FL 33416-1289
(561) 588-3000 Telephone
(561) 588-3705 Facsimile

# SERVICE LIST

PARKWOOD OFFICE PLAZA, INC., a Florida corporation
v.
ALLSTATE INSURANCE COMPANY, a corporation authorized and doing business in Florida

CASE NO.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Chad Lucas, Esquire
clucas@kgblawfirm.com
Katzman Garfinkel & Berger
300 North Maitland Avenue
Maitland, FL  32751
Telephone:  (407) 539-3900
Facsimile:  (407) 539-0211
Attorneys for Plaintiff Parkwood Office Plaza, Inc.
Via U. S. Mail

ALLLIT-11072/9
RBF/sam